**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| THE PARISH OF JEFFERSON | * | CIVIL ACTION |
| | * | |
| | * | NO. 2:18-cv-05257 |
| VERSUS | * | |
| | * | JUDGE BROWN |
| | * | |
| EXXON MOBIL CORPORATION, | * | MAGISTRATE JUDGE NORTH |
| ET AL. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | * * * * * * * * * * * * * * * * * * * * * * * |

## NOTICE OF JPML RULING AND RELATED CASES

Defendants file this Notice for two reasons.  First, Defendants are obligated to report on the decision of the Judicial Panel on Multidistrict Litigation (JPML) denying Defendants' motion to centralize.  Indeed, in view of this decision, Plaintiffs have indicated that they intend to file a motion shortly to lift the stay in all 42 cases. Defendants do not oppose lifting the stay in this case or any other case in the Eastern District.  (Defendants do oppose lifting the stays in the cases in the Western District based on Plaintiffs' assurance to the JPML that those cases would remain stayed for now.)

Second, pursuant to Local Rule 3.1, Defendants notify the Court that this case is related to (1) *Board of Commissioners of the Southeast Louisiana Flood Protection Authority-East v. Tennessee Gas Pipeline Co.*, 29 F. Supp. 3d 808 (E.D. La. 2014) ("*Levee Board* case"), and (2) the 30 other parish lawsuits pending in this District.[1] Defendants appended a Notice of Related cases with their Notice of Removal, *see* ECF No. 1-1, and notices are being filed in this District's other parish cases, which are pending before eight different judges. Defendants request that all be assigned to a single judge in this District.

---

[1] A list of all related cases, including docket numbers, is attached as an appendix to this Notice.

1

On or about May 23, 2018, Defendants removed 42 parish cases to federal court under 28 U.S.C. §§ 1331 and 1442. Defendants asserted that Plaintiffs' new allegations, in their expert report, about federally directed activities and activities exclusively regulated by the federal government, gave rise to federal officer and federal question jurisdiction. Those allegations raise issues that are common among the parish cases and will be the subject of Defendants' response to Plaintiffs' motion to remand. After removing, Defendants asked the Judicial Panel on Multidistrict Litigation (JPML) to coordinate pretrial proceedings in an MDL court and moved to stay this case. This case and the other parish lawsuits in this District were later stayed pending the JPML's decision.

On July 31, 2018, the JPML denied Defendants' request for MDL coordination. *See* Ex. 1. It did so in part because, during oral argument, Plaintiffs agreed not to oppose the assignment of the 31 Eastern District cases to a single judge and agreed to stay or transfer the 11 parish cases in the Western District:

> [A]re you in favor, as we stand here today, of relating these cases in the Eastern District under 3.1.
>
> [Parish Plaintiffs]: We are.

Ex. 2 (July 26, 2018 Hearing Transcript at 10:22-25).

> [Y]ou believe the Rule 3.1 applies, you'll end up basically in front of one judge in the Eastern District through whom you're working all this out?
>
> [State]: We don't have any objection to any of that.

Ex. 2 (July 26, 2018 Hearing Transcript at 14:15-20).

Defendants will also be moving to maintain the stay of the Western District cases based on Plaintiff's representations to the JPML:

> [Y]our position on whether you would agree or support a stay of all litigation in the Western District to allow the Eastern District to proceed -- what would be your position?
>
> [Parish Plaintiffs]: We would agree….

Ex. 2 (July 26, 2018 Hearing Transcript at 12:9-13).

Assignment of the parish lawsuits in this District to a single judge is appropriate under the Local Rules and necessary to promote efficiency. The State's intervention to become a common plaintiff in each of the 42 coastal cases and the State's service of the recent expert report identifying the alleged SLCRMA violations renders the regulatory provisions, federal jurisdictional questions, and a host of pretrial issues either the same or similar across the parish cases, which all "involve subject matter that comprises … a material part of the subject matter or operative facts" of each other. *See* LR 3.1. Given the common factual and legal issues, Defendants previously filed notices of relatedness identifying the parish cases as related to each other and also to the prior-pending *Levee Board* case. *See* ECF No. 1-1.

As the State has also noted, the *Levee Board Case* was a similar action where a governmental entity alleged land loss and sought coastal restoration against the entire oil and gas industry. *See* Doc. 309 in MDL 2856, State Opposition to JPML Centralization, at 6 & n.10 ("These parishes were not the first governmental agencies to file suit seeking coastal restoration. On July 24, 2013, the Board of Commissioners of the Southeast Louisiana Flood Protection Authority–East ('SLFPA-E') filed suit against numerous mineral production and pipeline operators."). Plaintiffs in both the *Levee Board* case and the pending parish cases alleged that the SLCRMA, the sole statutory basis for the 42 parish lawsuits, had been violated by the defendants' historical oil and gas activities, although the *Levee Board* case also involved additional alleged violations. In an opinion cited by both parties in removal or remand briefing,

Chief Judge Brown asserted federal jurisdiction over and later dismissed the *Levee Board* case, and the Fifth Circuit affirmed. *See Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co.*, 850 F.3d 714, 723–24 (5th Cir. 2017).

Given the common issues among the related cases, assignment before a single judge will promote efficiency and reduce the burden to the Court and the risk of inconsistent judgments. We therefore ask this Court and its sister courts to assign these related cases however they deem most appropriate to achieve those goals. One option, under LR 3.1.1, would be to assign the cases to Chief Judge Brown, who presided over the *Levee Board* case, No. 13-5410, which bears the lowest docket number of the related cases. The cases could alternatively be assigned to Judge Africk, who is presiding over the lowest-numbered parish case currently pending in federal court, *Plaquemines Parish v. Rozel Operating Co. et al*, No. 18-5189, and which was first-removed following the State's expert report, served in the *Rozel* matter. Another option would be to assign the cases to Judge Zainey, who presided over *Plaquemines Parish v. Total Petrochemicals & Refining et al*, No. 13-6693, which bore the lowest number when the parish cases were initially removed (at the Petition stage) on different grounds.

Whatever the Court's approach, assignment of the parish cases to a single judge would facilitate efficient and consistent adjudication of common jurisdictional issues that are currently pending, as well as common legal issues and discovery issues that will arise as the cases proceed. *See* LR 3.1.1 ("To promote judicial economy, conserve judicial resources, and avoid potential forum shopping and conflicting court rulings, all actions described in LR 3.1 must be transferred to the section with the lowest docket number, unless the two judges involved determine that some other procedure is in the interest of justice."). This would also align with the JPML's recommendation in its recent ruling, *see* Ex. 1, and would allow the parties promptly to propose

4

an orderly process for coordinating briefing of common issues bearing on Plaintiffs' recent motions to remand, to maximize efficiency and reduce the burdens on the parties and the Court.

Defendants therefore request that the parish cases pending before this Court be deemed related and this Court coordinate with its sister courts within this District to assign all 31 related parish cases before them to a single judge under LR 3.1.  Defendants would then request a status conference so that the parties and the Court can discuss an orderly process for adjudication of threshold jurisdictional issues.

Respectfully submitted:

/s/ Robert McNeal
Robert B. McNeal (No. 14211)
rbmcneal@liskow.com
**LISKOW& LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Michael P. Cash (No. 31655)
mcash@liskow.com
**LISKOW& LEWIS**
First City Tower
1001 Fannin Street
Houston, Texas 77002-6756
Telephone: (713) 651-2900
Facsimile: (713) 651-2908

Jamie D. Rhymes (No. 24621)
jdrhymes@liskow.com
**LISKOW& LEWIS**
822 Harding Street
Lafayette, Louisiana 70503
Telephone: (337) 232-7424
Facsimile: (337) 267-2399

-and-

5

Martin A. Stern (No. 17154)
martin.stern@arlaw.com
Glen M. Pilié (No. 1539)
glen.pilie@arlaw.com
Jeffrey E. Richardson (No. 23273)
jeffrey.richardson@arlaw.com
Alexandra G. Roselli (#37847)
alexandra.roselli@arlaw.com
**ADAMS ANDREESELLP**
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210

-and-

Roy C. Cheatwood (No. 04010)
rcheatwood@bakerdonelson.com
Monica A. Frois (No. 20187)
mfrois@bakerdonelson.com
Matthew A. Woolf (No. 27146)
mwoolf@bakerdonelson.com
Tyler L. Weidlich (No. 30790)
tweidlich@bakerdonelson.com
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

*Attorneys for Exxon Mobil Corporation*

**KEAN MILLER LLP**

/s/ Pamela Mascari_____
Michael R. Phillips (#21020)
mike.phillips@keanmiller.com
Brett P. Fenasci (#29858)
brett.fenasci@keanmiller.com
Claire E. Juneau (#33209)
claire.juneau@keanmiller.com
Shannon A. Shelton (#34762)
shannon.shelton@keanmiller.com

6

909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone:  (504) 585-3050
Facsimile:   (504) 585-3051

-and-

**KEAN MILLER LLP**
Charles S. McCowan, III (#19699)
trey.mccowan@keanmiller.com
Pamela R. Mascari (#25162)
pam.mascari@keanmiller.com
II City Plaza
400 Convention St., Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

-and-

**SUSMAN GODFREY L.L.P.**
Eric J. Mayer (#14184)
emayer@susmangodfrey.com
Alexandra White (#29478)
lwhite@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

***Attorneys for Defendants Chevron U.S.A. Inc. and
Chevron U.S.A. Holdings Inc.***


/s/ Michele Hale DeShazo
Deborah D. Kuchler, T.A. (#17013)
Robert E. Guidry (#28064)
Sarah E. Iiams (#22418)
Michele Hale DeShazo (#29893)
**KUCHLER POLK WEINER, LLC**
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
Telephone: (504) 592-0691
Facsimile: (504) 592-0697

7

*Attorneys for The Louisiana Land and*
*Exploration Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

/s/ Robert B. McNeal