**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THE PARISH OF JEFFERSON** | **CIVIL ACTION NO. 2:18-cv-05257** |
| **VERSUS** | **JUDGE BROWN** |
| **EXXON MOBIL CORPORATION., et al.** | **MAGISTRATE JUDGE NORTH** |

## CROSS-NOTICE OF POSITION ON RELATEDNESS OF CASES

Come now the Parish of Jefferson, the State of Louisiana, through the Department of Natural Resources, Office of Coastal Management and its Secretary, Thomas F. Harris, and the State of Louisiana, *ex rel.* Jeff Landry, the Attorney General (collectively, "Plaintiffs") to file this Cross-Notice of Position on Relatedness of Cases for the purpose of informing the court that:

1.

This case is one of 30 regulatory enforcement actions brought by various parishes solely on the basis of state law which were previously filed in state court, then removed to, remanded by, and now re-removed to this District Court. During the first round of removals in December 2013, Judge Zainey, having the lowest docket number of the 28 parish cases then removed to this Court[1], held that the cases were "not sufficiently related" to support transfer under Local Rule 3.1.[2] After considering briefs and arguments submitted by the parties, Judge Zainey found that "each case will ultimately be decided on unique underlying facts specific to each defendant's independent activity,"

---

[1] Two of the parish cases, *St. Bernard Parish v. Atlantic Richfield Company, et al.* (2:16-cv-16294; 2:18-cv-05222) and *Dinvaut v. Cambridge Energy Corp., et al.* (2:17-cv-05630; 2:18-cv-05462) were filed, removed and remanded later. All 30 parish cases were re-removed in June of this year.

[2] *See Plaquemines Parish v. Total Petrochemicals & Refining USA, Inc.*, 2:13-cv-06693, R. Doc. 28, "Determination Regarding Relatedness."

that "in light of the material factual differences in each case, ... consolidated or joint  treatment is not practicable," and that the parish coastal cases were "not sufficiently related for purposes of transfer under Rule 3.1."[3]  However, the Court recognized that although the level of relatedness among the parish cases did not justify transfer, "the cases do involve similar or even identical legal issues, and to some extent overlapping factual issues."[4]  Therefore, pursuant to Local Rule 3.1.1, "the judges involved determine[d] that some other procedure [was] in the interest of justice."[5]  The "other procedure" agreed to by the judges was that (i) Judge Zainey, having the lowest docket number, would hear the first Motion to Remand, (ii) the other 27 parish cases would be stayed until Judge Zainey ruled, (iii) and that after Judge Zainey's initial ruling, the remand motions in the other 27 cases would be heard on a staggered schedule, with each subsequent court having the benefit of Judge Zainey's and the other previous judges' rulings and reasons for reference.  This "other procedure" under Local Rule 3.1.1 worked very well, for many reasons.  First, it allowed each subsequent court to benefit from the research and wisdom of the previous courts where there were common legal issues.  This ultimately operated to conserve the resources of the parties and the judiciary by allowing later judges, if they so chose–and many did so--to adopt previous judges' legal conclusions and order the parties to brief only the reasons why the unique facts of a particular case should lead to a different conclusion, as well as any additional removal grounds that were unique to the particular case.  The procedure was so efficient that the remand motions in most of the later cases were decided without the need of oral argument.  Equally important, this procedure allowed for each

---

[3] *Id.*

[4] *Id.*

[5] *See* Local Civil Rule 3.1.1.

of these intensely factual cases to enjoy the benefit of the separate, focused hearing/determination

that the unique facts of each case required. This "other procedure" also resulted in a manageable

briefing and hearing schedule for the parties, many of whom were Defendants in several cases.

Finally, this procedure also allowed for an in-depth development of the legal issues as the parties

adjusted and retooled their arguments in response to previous rulings. Eventually, after the

individualized, thorough treatment that the various remand issues in these important cases deserved,

all 28 parish cases removed to this Court in 2013 were remanded to state court, with no conflicting

rulings and an improved body of law in the Eastern District.

2.

Despite Defendants' mischaracterization of Plaintiffs' arguments in brief and orally before

the JPML, Plaintiffs have consistently sought, and now urge this Court, to apply Local Rules 3.1 and

3.1.1 to these cases in the same way they were previously applied--to adopt the same successful

"other procedure" previously agreed to by the judges involved.[6] In fact, the reasons for adopting the

previous "other procedure" in 2013 weigh even more heavily in favor of that result today. During

the first round of removals in 2013, the removals were timely, and the majority of the most common

grounds alleged therefor (e.g., Lack of Diversity, Outer Continental Shelf Lands Act, Admiralty,

Natural Gas Act, Class Action Fairness Act) allowed for broad-brushed treatment of the unique facts

of each case. In hearing the remand motions in this second round of re-removals, the individual facts

---

[6] Plaintiffs' memorandums in opposition to Defendants' Motion for Coordinated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 are attached hereto as Exhibits A and B. *See also*, Transcript of Hearing before the JPML in MDL No. 2856, at p. 12 ("Mr. Carmouche [counsel for the parishes]: We would agree, Your Honor. That happened the first removal. The first removal, the Western District waited. The Eastern District, the judges actually got together and decided that Judge Zainey, the lowest docket number, would actually hear the remand for general purposes and then it would go to the other judges to decide the specific issues of each case. It's already been done.").

of each case will be much more important.  Plaintiffs have alleged that the re-removals were procedurally defective, being untimely, and in some cases, lacking the consent of Defendants necessary for removal on grounds of substantial federal question jurisdiction.  Plaintiffs also allege that to varying degrees, in some, if not all of these cases, the very same substantial federal question grounds now alleged by Defendants have previously been urged and rejected by this Court in these cases.  Finally, Defendants have alleged federal officer jurisdiction under 28 U.S.C. § 1442, on the basis that some of their operations were directed or controlled by the federal government during World War II.  To the contrary, Plaintiffs allege that in at least 11 of the 30 parish cases, _no Defendant had any operations during World War II_.  In cases where Defendants did have wartime operations, the unique facts regarding the timing and nature those operations will be squarely at issue.  Each of the alleged removal grounds, defects or defenses described above will turn on the unique facts, procedural history and identity of parties  of each case, making the individualized, thorough treatment of remand issues afforded by this Court's previous "other procedure" even more important than in the first round of removals.  It goes without saying that should these cases remain in federal court, trial on the merits of the 20,000 to 30,000 individual state law violations that form the basis of these cases---individual SLCRMA violations in each case vary from hundreds to several thousand, and none overlap from case to case–-on a consolidated basis would be, in the words of Judge Zainey, "impracticable."

In this second round, within two days of Defendants' re-removals of the 30 parish cases now pending in this District, certain Defendants rushed to file a motion with the JPML seeking MDL treatment of all of the parish cases pending in Louisiana.  Plaintiffs in the parish cases opposed centralization in their opposition briefs filed with the JPML, citing, inter alia, Judge Zainey's ruling

4

denying application of Rule 3.1.  In considering what was very nearly the same question that is now before this Court (whether pretrial procedures in these cases should be handled by one judge), the JPML denied this week Defendants' motion to transfer under Section 1407, finding that each case involved different operations conducted in different "Operational Areas" by different Defendants, and further concluding that "the nature of these cases suggest that most pretrial proceedings, particularly discovery, will be largely individualized."

3.

In their "Notice of JPML Ruling and Related Cases" filed in each of the 30 parish cases, Defendants argue, contrary to Judge Zainey's prior ruling, that all of the 30 parish cases are sufficiently related to each other to support transfer under Local Rule 3.1.  But Defendants go even further by also claiming that *Board of Commissioners of the Southeast Louisiana Flood Protection Authority - East v. Tennessee Gas Pipeline Company, LLC, et al.,* No. 13-5410 (E.D. La.) (hereinafter, the "Levee Board case")  is also somehow now related and that the 30 parish cases should be transferred to the division which dismissed the Levee Board case over three years ago. Since this Court has previously held that the parish cases themselves were not sufficiently related to support transfer under Rule 3.1, *a fortiori* the Levee Board case cannot be deemed so related as to support transfer.  In fact the Levee Board case should not even be considered "related" at all under the Local Rules.

The Levee Board case is factually and legally very different from the parish cases.  First, the parties are different.  In The Levee Board case, the plaintiff was a levee board that claimed the capacity to bring the action under La. R.S. 38:330.1, which purported to give the entity management authority over certain levee districts and to protect the New Orleans area from hurricane storm surge.

In contrast, the plaintiffs here are different parishes (or their district attorneys) and the state who are specifically given the right to bring these actions under the Louisiana State and Local Coastal Resources Management Act ("SLCRMA"). Second, the levee board's claims in the Levee Board case were based on traditional tort and nuisance law. Here, the parish cases are based solely on state law claims arising under the SLCRMA and necessarily implicate thousands of individual state permits involving different Defendant activities and state permit requirements. None of these state permits, or Defendants' specific activities in the parish cases, were an issue in the Levee Board case.

Additionally, unlike in the Levee Board case, each of the parish cases identifies a geographically discrete "operational area" and alleges that particular Defendants violated the SLCRMA by conducting operations in that area, by failing to comply with the terms of specific state coastal use permits identified in the petitions, or by failing to obtain the necessary state permits required by the SLCRMA. As a result, each parish coastal case addresses different damages to different water bodies and wetlands, in different habitats, in different geographic areas, caused by different conduct, at different times, by different oil and gas companies pursuant to different state permits and different state permit conditions - none of which have anything to do with the tort and nuisance claims alleged in the Levee Board case.

In their Notice, Defendants claim that the Levee Board case was a "similar action where a governmental entity alleged land loss and sought coastal restoration against the entire oil and gas industry." They also claim that the Levee Board Case "alleged that the SLCRMA ... had been violated by Defendants' historical oil and gas activities." But the Levee Board case could not have been an action brought under SLCRMA, because the plaintiff levee board was not one of the specific parties given a right to enforce the state regulatory statute. Additionally, because the Levee Board

6

case was not an action brought under SLCRMA, the plaintiff levee board could not pursue the specific damages sought in the pending parish cases under La. R.S. 49:214.36, which provides for "actual restoration of areas disturbed."

Despite arguing in their notice that The Levee Board case is related to the pending parish cases, Defendants emphasized the novelty of the parish cases brought under the SLCRMA to the JPML. Arguing only days ago before the Panel, defense counsel, attempting to explain their alleged difficulties, confirmed that the parish cases represent "the first lawsuit that has ever been filed under [the] 1980 coastal permitting statue." *See* Transcript of Hearing before the JPML, p. 17. Therefore, despite what Defendants say in their Notice, it appears they concede that the Levee Board case was not an action to enforce the SLCRMA.

Ultimately, The Levee Board case was a common tort case brought under the applicable provisions of the Louisiana Civil Code dealing with negligence and nuisance. In contrast, the pending parish lawsuits are regulatory actions brought to enforce the SLCRMA by the parishes, district attorneys, and the State of Louisiana through the DNR and the Attorney General's office, which are the only parties authorized to file suit under SLCRMA. Consequently, there is no basis for finding that these cases are related to The Levee Board case.

4.

Judges in both the Eastern and Western Districts have previously recognized the clear distinctions between The Levee Board case and the parish cases, and have expressly refused to apply The Levee Board case to the pending parish cases. In *Dinvaut v. Cambridge Energy Corp., et al.*, 2:17-cv-05630 (i.e, the parish case brought by the district attorney for St. John the Baptist Parish), after considering briefing from all parties on the applicability of The Levee Board case, Judge Africk

7

concluded that *The Levee Board case* "was not controlling."  Judge Africk further recognized that "Federal jurisdiction in [the Levee Board case] arose because the plaintiff's negligence and nuisance claims could not be resolved without a determination whether multiple federal statutes create a duty of care that does not otherwise exist under state law ...  by contrast, [Dinvaut's] cause of action is based entirely on the State and Local Coastal Resources Management Act, as well as the Act's implementing regulations.  So even Defendants concede - as they must - that they are pursuing a different theory of federal jurisdiction" than the one approved by the Levee Board court.  [R. Doc. 23]).

Similarly, in *St. Bernard Parish v. Atlantic Richfield Company*, 2:16-cv-16294, Judge Barbier refused to apply the holding in The Levee Board case because the St. Bernard case "is fundamentally about allegations that Defendants violated state regulations." [R. Doc. 89]).[7]  Further, during Defendants' first-round removal of the 12 cases pending in the Western District, Judge Doughty also refused to apply the reasoning of the Levee Board decision to the remand motions pending in those cases after considering briefs filed by the parties.  *See Parish of Cameron v. Alpine Exploration Companies, Inc., et al.*, 6:16-cv-00531; *Parish of Cameron v. Apache Corp. Of Delaware, et al.*, 6:16-cv-00538; *Parish of Cameron v. Anadarko E&P Onshore LLC, et al.*, 6:16-cv -00542; *Parish of Cameron v. Atlantic Richfield Company, et al.*, 6:16-cv-00532; *Parish of Cameron v. Auster Oil and Gas Inc., et al.*, 6:16-cv-00530; *Parish of Cameron v. Ballard Exploration Company, Inc., et al.*, 6:16-cv-00539; *Parish of Cameron v. Bay Coquille, Inc., et al.*, 6:16-cv-00541; *Parish of*

---

[7] Additionally, in *Stutes v. Gulfport Energy Corp.*, 6:16-cv-01253 (i.e., the parish case brought by the district attorney for Vermilion Parish), the court noted in its ruling granting Plaintiffs' motion to remand that at the hearing on the motion, the parties had agreed that the holding in *the Levee Board case* did not control that case.  [R. Doc. 158, p. 7].

*Cameron v. BEPCO, L.P., et al.*, 6:16-cv-00536; *Parish of Cameron v. BP America Production Company, et al.*, 6:16-cv-00540; *Parish of Cameron v. Brammer Engineering, Inc., et al.*, 6:16-cv-00535; *Parish of Cameron v. Burlington Resources Oil & Gas Company LP, et al.*, 6:16-cv-00537; and *Stutes v. Gulfport Energy Corp., et al.*, 6:16-cv-01253.

In each of the aforementioned cases in both the Eastern and Western Districts, Defendants had the opportunity to brief each court as to why the opinion in the Levee Board case was supposedly relevant to each case.  Importantly, in their briefs submitted back then, Defendants argued that *The Levee Board case* applied for the very same reason that they now offer as the basis for re-removing these cases a second time.  Specifically, Defendants, citing the opinion in the Levee Board case, argued back then that:

> "[D]espite Plaintiffs' assertion that their claims are limited to those arising under SLCRMA (whose permitting provisions became effective in Septermber, 1980), their allegations as pled extend back to pre-SLCRMA activity. ...  Until SLCRMA established a state regulatory scheme for dredging activities, the U.S. Army Corps of Engineers regulated dredging under only the *federal* Clean Water Act and Rivers and Harbors Act.  **Accordingly, because Plaintiffs' dredging allegations pertain to or depend upon conduct occurring before 1978, their petition necessarily relies on the federal laws - wether statutory or maritime law - that governed the "conduct subject to an extensive federal permitting scheme**."

If this argument sounds familiar, it should - despite being rejected in each of the above referenced cases during the first round of removals, it is the same substantial federal question argument that Defendants now rely upon for their current round of removals.

5.

For all of the foregoing reasons, Plaintiffs respectfully urge that (i) Local Rules 3.1 and 3.1.1 be applied to the 30 parish cases to adopt an "other procedure" substantially the same as was adopted in 2013 with respect to the remand motions in the 28 parish cases then removed to this District

9

Court, and (ii) that the Levee Board case be found wholly unrelated to the 30 parish cases for purposes of Local Rule 3.1.

*By Attorneys for Plaintiff, the Parish of Jefferson and State of Louisiana, ex rel. Parish of Jefferson:*

Donald T. Carmouche (2226)
Victor L. Marcello (9252)
John H. Carmouche (22294)
William R. Coenen, III (27410)
Brian T. Carmouche (30430)
Todd J. Wimberley (34862)
Ross J. Donnes (33098)
D. Adele Owen (21001)
Leah C. Poole (35092)
Christopher D. Martin (30613)
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

Philip F. Cossich, Jr. (1788)
Darren Sumich (23321)
David A. Parsiola (21005)
Brandon J. Taylor (27662)
COSSICH, SUMICH, PARSIOLA & TAYLOR, L.L.C.
8397 Highway 23, Suite 100
Belle Chasse, LA 70037-2648
Telephone: (504) 394-9000
Fax: (504) 394-9110

Bruce D. Burglass, Jr. (1411)
Andre' C. Gaudin, (20191)
Scott O. Gaspard (23747)
BURGLASS & TANKERSLEY, LLC
5213 Airline Drive
Metairie, LA 70001-5602
Telephone: (504) 836-0407
Fax: (504) 287-0447

By: /s/ *John H. Carmouche (22294)*

10

*By Attorneys for Intervenor-Plaintiff, the State of Louisiana, through the Department of Natural Resources, Office of Coastal Management and its Secretary, Thomas F. Harris:*

J. Blake Canfield (30426)
Executive Counsel
Donald W. Price (19452)
Special Counsel
DEPARTMENT OF NATURAL RESOURCES
Post Office Box 94396
Baton Rouge, LA 70804

and

Megan K. Terrell (29443)
Legal Advisor
Office of Governor John Bel Edwards
GOVERNOR'S OFFICE FOR
COASTAL ACTIVITIES
900 North 3rd Street, Fourth Floor
Baton Rouge, LA 70802

By: */s/ Donald W. Price (19452)*

11

*By Attorneys for Intervenor-Plaintiff, the State of Louisiana, ex rel. Jeff Landry, Attorney General:*

Ryan M. Seidemann, (28991)
Michelle M. White, (26988)
Wilbur L. Stiles, III, (27654)
Assistant Attorneys General
LOUISIANA DEPARTMENT OF JUSTICE
1185 North 3rd Street
Baton Rouge, LA 70802
Telephone: (225) 326-6085
Fax: (225) 326-6099

By:  */s/ Ryan M. Seidemann (22294)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of August, 2018, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system.   The forgoing has also been served electronically on all known counsel.

By: */John H. Carmouche (9252)*