**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**THE PARISH OF JEFFERSON**                                    **CIVIL ACTION NO. 2:18-cv-05257**

**VERSUS**                                                                       **JUDGE BROWN**

**EXXON MOBIL CORPORATION., et al.**             **MAGISTRATE JUDGE NORTH**

**PLAINTIFFS' SUPPLEMENTAL NOTICE**
**REGARDING RELATEDNESS**

The Parish of Jefferson, the State of Louisiana, through the Department of Natural Resources, Office of Coastal Management and its Secretary, Thomas F. Harris, and the State of Louisiana, *ex rel.* Jeff Landry, the Attorney General (collectively, "Plaintiffs"), file this brief supplemental notice in response to the statements made by defendants in their "Response to Plaintiffs' Position on Relatedness."

Defendants - demonstrating a total lack of self awareness - argue that Plaintiffs have flip flopped on the relatedness issue, and that Plaintiffs are trying to "maneuver for a particular judge-assignment." The truth is that this district previously employed a successful procedure to manage these cases.[1] Judge Zainey, who had the lowest docket number among the parish coastal cases, was allowed to rule on Plaintiffs' remand motion, and the other judges thereafter issued rulings in the cases pending before them. This procedure is the law of these cases, and, more importantly, it worked - and Plaintiffs simply suggest that there is no reason to deviate from what has already

---

[1] LR 3.1.1 states, in part, that "[t]o promote judicial economy, conserve judicial resources and avoid potential forum shopping and conflicting court rulings, all actions described in LR. 3.1 must be transferred to the section with the lowest docket number, unless the two judges involved determine that *some other procedure* is in the interest of justice." (Emphasis supplied).

1

worked.[2]   Instead, it is defendants who are "maneuvering for a particular judge assignment" by claiming that SLFPA is now related to these permit enforcement cases.[3]

For these reasons, and for the reasons stated in Plaintiffs' prior Cross-Notice of Position on Relatedness of Cases, Plaintiffs state that the *Levee Board* suit is not related, and urge the Court to employ the same procedure successfully used the last time defendants removed these cases.

*By Attorneys for Plaintiff, the Parish of Jefferson*
*and State of Louisiana, ex rel. Parish of Jefferson:*

Donald T. Carmouche (2226)
Victor L. Marcello (9252)
John H. Carmouche (22294)
William R. Coenen, III (27410)
Brian T. Carmouche (30430)
Todd J. Wimberley (34862)
Ross J. Donnes (33098)
D. Adele Owen (21001)
Leah C. Poole (35092)
Christopher D. Martin (30613)
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

---

[2] Defendants offer no explanation or argument as to why the Court's previous procedure cannot work this time around.

[3] Notably, defendants made no mention of SLFPA as a related case when they filed their first round of removals. The remand issue did not go well for defendants, as all of the cases were remanded back to state court. Defendants now want the court to do it a different way in the hopes of obtaining a different result on the same arguments. Defendants also argue in their "Response" that "[i]t suffices to say that any court assigned these cases will need to grapple with the *Levee Board* case's impact." But that issue has already been decided. As detailed in Plaintiffs' "Cross-Notice of Position on Relatedness of Cases," in all 10 of the parish coastal cases to consider SLFPA, each court found that that case had no bearing on the coastal suits brought under the SLCRMA.

Philip F. Cossich, Jr. (1788)
Darren Sumich (23321)
David A. Parsiola (21005)
Brandon J. Taylor (27662)
COSSICH, SUMICH, PARSIOLA & TAYLOR, L.L.C.
8397 Highway 23, Suite 100
Belle Chasse, LA 70037-2648
Telephone: (504) 394-9000
Fax: (504) 394-9110

Bruce D. Burglass, Jr. (1411)
Andre' C. Gaudin, (20191)
Scott O. Gaspard (23747)
BURGLASS & TANKERSLEY, LLC
5213 Airline Drive
Metairie, LA 70001-5602
Telephone: (504) 836-0407
Fax: (504) 287-0447

By: /s/ *Victor L. Marcello (9252)*

*By Attorneys for Intervenor-Plaintiff, the State of Louisiana,
through the Department of Natural Resources, Office of Coastal
Management and its Secretary, Thomas F. Harris:*

J. Blake Canfield (30426)
Executive Counsel
Donald W. Price (19452)
Special Counsel
DEPARTMENT OF NATURAL RESOURCES
Post Office Box 94396
Baton Rouge, LA 70804

Megan K. Terrell (29443)
Legal Advisor
Office of Governor John Bel Edwards
GOVERNOR'S OFFICE FOR
COASTAL ACTIVITIES
900 North 3rd Street, Fourth Floor
Baton Rouge, LA 70802

By: /s/ *Donald W. Price (19452)*

3

*By Attorneys for Intervenor-Plaintiff, the State of Louisiana,*
*ex rel. Jeff Landry, Attorney General:*

Ryan M. Seidemann, (28991)
Michelle M. White, (26988)
Wilbur L. Stiles, III, (27654)
Assistant Attorneys General
LOUISIANA DEPARTMENT OF JUSTICE
1185 North 3rd Street
Baton Rouge, LA 70802
Telephone: (225) 326-6085
Fax: (225) 326-6099

By:  */s/ Ryan M. Seidemann (22294)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of August, 2018, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system.  The forgoing has also been served electronically on all known counsel.

By: */s/ Victor L. Marcello (9252)*